UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARIA ALEJANDRA REVOLLEDO LORETO,

Petitioner,

v. Case No. 3:26-cv-2877-MMH-PDB

SECRETARY, DEPARTMENT OF HOMELAND SECURITY, et al.,

Respondents.

---

**ORDER**

Petitioner Maria Alejandra Revolledo Loreto, an immigration detainee, initiated this action through counsel by filing a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Doc. 1; Petition) on October 21, 2026. See generally Petition. Revolledo Loreto, a citizen of Venezuela, was temporarily detained at the border and paroled into the United States on December 6, 2022. Id. at 2. She subsequently filed an application for asylum, which is still pending. Id. Following her arrest by local law enforcement on October 14, 2026, United States Immigration and Customs Enforcement (ICE) re-detained Revolledo Loreto. Id. As relief, she seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 13–14.

Revolledo Loreto argues that her continued detention violates the Immigration and Nationality Act. Id. at 10. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Revolledo Loreto, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Revolledo Loreto was not seeking entry at the border when she was re-detained; therefore, she is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Revolledo Loreto's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Doc. 1) is **GRANTED** as to her claim that her detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven**

[1] Because the Court finds that Revolledo Loreto is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after

**days** of this Order, Respondents shall either afford Revolledo Loreto an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her.[2] If Respondents release Revolledo Loreto, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of November, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record

granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Revolledo Loreto is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).